## Watson v. Willey

*Howard A. Hain,* for plaintiff.

*T. Warren Jones,* for defendant, Erie Insurance Group.

*Will J. Schaaf,* for defendant, American States Insurance Co.

NYGAARD, *J.,* July 8, 1982—The well pleaded facts by plaintiff indicate an action arising out of an automobile-pedestrian accident which occurred on January 24, 1981. Plaintiff and her companion, Cathy Justka, were walking westwardly along the north berm of West Lake Road, with Justka a step behind and slightly closer to the roadway than plaintiff.

As plaintiff and Justka were proceeding along the berm of the roadway, defendant, Mary Lou Willey, operated her vehicle in such a manner as to strike Justka with the passenger side front of defendant's vehicle. Justka was thrown over the bumper and on to the hood of Willey's vehicle and rolled off the hood when the vehicle came to stop approximately 175 feet from the point of impact. Plaintiff's companion, Justka, died from the injury she received in that incident.

Plaintiff witnessed the approach of Willey's vehicle and was struck lightly by either the vehicle or by

Justka's body as it was struck by the vehicle. The impact was not significant and caused no injury.

The case is now before this court on preliminary objections filed on behalf of each defendant.

Defendant, Erie Insurance Group, filed a preliminary objection in the nature of a demurrer to count two, asserting that plaintiff fails to state a cause of action under the laws of the Commonwealth of Pennsylvania for the reason that she sustained no accidental bodily harm compensable under the Pennsylvania No-fault Motor Insurance Act.

The act, section 201, provides as follows:

Right to Basic Loss Benefits: Limitation of Benefits

(a) Accident Within the State—If the accident resulting in an injury occurs in this Commonwealth, any victim or any survivor of a deceased victim is entitled to receive basic loss benefits in accordance with the provisions of this Act.

Thus, we find that in accordance with the act, there must be an accident which results in an "injury." Section 103 of the act further defines injury to mean "accidentally sustained bodily harm . . . "

The court concludes that neither the mental and emotional distress nor the shock or trauma are "bodily harm" and based upon the plain language of the statute, plaintiff has failed to state a sufficient claim for relief and the demurrer of defendant, Erie Insurance Group, is sustained as to count II.

Defendant, Willey, has also filed preliminary objections in the nature of a demurrer to count I for the reason that plaintiff is claiming a compensable loss for emotional disturbance alone, without impact induced injury or bodily harm. Counsel for

both plaintiff and defendant Willey agree that an emotional or mental trauma to plaintiff was not as a result of a contemporaneous physical impact of defendant's vehicle upon plaintiff's body. Plaintiff alleges a recovery due for the reason that she was in danger of physical impact and that she observed the accident, sustained serious emotional distress which caused physical shock.

The issue, simply stated, is whether or not a pedestrian plaintiff can recover for shock and emotional upset where plaintiff was within the zone of danger of a negligently operated vehicle and where plaintiff's condition arose as a result of her fear and reaction to the threat of serious physical injury to herself?

Plaintiff cites Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84, (1970), which the court is convinced lays the impact rule to rest in Pennsylvania, and in place thereof adopts a "zone of danger" rule. Niederman would permit recovery for physical injuries which result from emotional distress if plaintiff was within the zone of danger. The alleged injurious manifestation of plaintiff's emotional distress in this case was shock, or trauma, for which she was placed in a mental health center for a period of one week.

The court makes no determination as to whether shock or trauma is an "injury." See Niederman supra, and dissenting opinion by Justice Roberts in Sinn v. Burd, 486 Pa. 146, 404 A. 2d 672 (1979). Indeed plaintiff may have an insurmountable burden of proof on this point. However, while the facts in Niederman differ somewhat from the instant case, I am convinced that upon these facts as well, the Supreme Court would provide plaintiff with an opportunity to prove her case to a jury. Accordingly, defendant Willey's demurrer is overruled.

Defendant American States Insurance Company has filed preliminary objections in the nature of a demurrer to count III for the reason that plaintiff is entitled to no recovery under the Pennsylvania No-fault Motor Insurance Act. For the same reasons offered in support of our conclusion on Erie Insurance Group, American States Insurance Company demurrer to count III is sustained.

## ORDER

And now, July 8, 1982, it is hereby ordered, adjudged and decreed as follows:

1. The preliminary objections of defendant Erie Insurance Group in the nature of a demurrer are sustained as to count II;

2. The demurrer of defendant Mary Lou Willey is overruled; and

3. The preliminary objections in the nature of a demurrer by American States Insurance Company are sustained as to count III.